### E. R. PERRY *v.* A. S. BLOOM.

**Alteration—Burden of Proof.**

> Where the paper sued upon shows on its face that the name of a person apparently an obligor has been endorsed, the alteration, if made by the holder, released the obligor. The burden is on the holders of the paper to explain the erasure or mutilation.

APPEAL FROM OWEN CIRCUIT COURT.

October 6, 1877.

OPINION BY JUDGE LINDSAY:

The appeal was granted in this case on the 14th day of May. On the 15th of May the appellant tendered his bill of exceptions and filed his assignment of errors. The assignment was therefore filed after the granting of the appeal, as provided for by Subsec. 4, Sec. 737, Bullitt's Civil Code of Practice. The record shows that the assignment was filed in court, instead of in the office of the clerk. But it does not show that the clerk failed to endorse it filed, nor that he

failed to retain it in his possession as part of the record of the case. Whilst the filing is strictly a ministerial duty, with which the court has nothing to do, still the fact that the clerk makes his act of filing a matter of record with the consent of the court is nugatory.

The court erred in requiring the appellant to take the burden of proof. The paper sued on shows on its face that the name of a person apparently an obligor has been endorsed. The alteration is material, and if made by the appellee released the appellant from liability. The onus is upon the holders of the paper to explain the erasure or mutilation. The presumption is that it was made after delivery, nothing to contrary appearing. 2 Parsons on Notes and Bills, p. 575; *Elbert v. McClelland*, 8 Bush 577.

For this error the judgment is *reversed* and the cause remanded for further proceedings consistent with this opinion.

*Strother & Orr, H. P. Montgomery, for appellant.*
*E. E. Settle, A. P. Grover, Lillard & Hallman, for appellee.*